ORDERED.

Dated:  June 13, 2017

Catherine Peek McEwen
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Thomas A. Bell
Sallie K. Bell

     Debtor(s).
_____/

Case No.: 8:16-bk-04709-CPM
Chapter 7

**ORDER GRANTING**
**<u>MOTION TO SELL REAL PROPERTY AND PAY SECURED CREDITORS</u>**
(167 Wood Hall Drive, Mulberry, Florida 33860)

THIS CASE came on for consideration of Chapter 7 Trustee, Beth Ann Scharrer's ("<u>Trustee</u>") Motion to Sell Real Property and Pay Secured Creditors (the "<u>Motion</u>") (Doc. #32). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service; no party filed a response within the time permitted; and the Court therefore considers the Motion unopposed.  Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED and the sale to Jacob D. Fullhart and Sunny Glynn Crockett-Fullhart ("Buyer(s)") is approved as the highest and best offer.

3. The Trustee is authorized to sell the real property located at:

Lot 28, Imperialakes Phase Two, according to the plat thereof, recorded in Plat Book 64, Page 1, of the Public Records of Polk County, Florida. (the "<u>Real Property</u>")

to Buyer(s) for the purchase price of $160,000.00 subject to the consent of the lienholder Wells Fargo Bank, N.A., as Trustee for the Certificateholders of Soundview Home Loan Trust 2007-OPT3, Asset Backed Certificates, Series 2007-OPT3 by instrument recorded in Official Records Book 7748, Page 1820, of the Public Records of Polk County, Florida; most recently serviced by Ocwen Loan Servicing, LLC ("Ocwen").

    4.    The Trustee is authorized to pay the following undisputed liens or claims at closing of the sale:

| | |
|---|---|
| Ocwen (home mortgage) | $ 136,423.23 |
| Imperialakes Community Services Association II, Inc. | $ 467.24 |

    5.    The Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any liens, claims or interests identified in paragraph 4 of this Order, that are necessary or appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

    6.    The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
| 6% to BK Global / McPeak Real Estate Firm, Inc. | $9,600.00* |
| * To be shared with cooperating buyer's agent | |
| | |
| Title Charges: | $ 1,660.00 |
| Government recording / transfer charges: | $ 1,120.00 |
| Other / Debits | $ 135.00 |
| (i*ncl. lien search fees, Estoppel Search fee*) | |
| 2016 Real Property Taxes Due to Polk County Tax Collector | $ 1,694.26 |
| Satisfaction of Liens: | |
|     Ocwen (home mortgage) | $ 136,423.23 |
|     Imperialakes Community Services Association II, Inc. | $ 467.24 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and do not reduce the carve out to the estate below $8,000.00.

7. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

8. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

9. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

Attorney, Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.